IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

CASE NO: 8:18-cv-2912-T-02JSS

MARSHALL SCOTT GRAY,

Plaintiff,

vs.

ACE AMERICAN INSURANCE COMPANY;
THE CHUBB GROUP; and CHUBB NORTH
AMERICAN CLAIMS, subscribing to and/or
adjusting that certain policy of insurance
identified as CHUBB YACHTSMAN/BOATSMAN
Policy No. YKR Y09567872, having an effective
date of June 22, 2017 to June 22, 2018,

Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND COMPEL ARBITRATION OR IN THE ALTERNATIVE MOTION TO DISMISS AND STRIKE VARIOUS ALLEGATIONS**

COMES NOW Defendants, ACE AMERICAN INSURANCE COMPANY, THE CHUBB GROUP and CHUBB NORTH AMERICAN CLAIMS (collectively "Defendants") and files their Motion to Dismiss Plaintiff's Amended Complaint and Compel Arbitration or in the alternative Motion to Dismiss and Strike Various Allegations. As grounds therefor, Defendants state as follows:

1. This matter emanates from a dispute involving a marine insurance contract issued for the Plaintiff's vessel, the Amazing II (the "Vessel").

1

2. ACE American Insurance ("ACE") issued the at-issue Policy to Plaintiff to provide coverage for the Vessel. The Policy was effective from June 22, 2017 until June 22, 2018. *See Policy attached Amended Complaint DE 10-1.*

3. On November 26, 2017, the Vessel was involved in an incident wherein the bottom of the Vessel was damaged.

4. Plaintiff reported the incident to ACE and ACE investigated the claim. Subsequently, a dispute arose regarding coverage for the alleged incident which purportedly caused damage to the Vessel.

5. On February 27, 2019, Plaintiff filed his First Amended Complaint in this matter. *DE 10*.

6. That said, however, Plaintiff's exclusive remedy is via arbitration. *See DE 10-1, Page 26*. Thus, the Amended Complaint should be dismissed and arbitration compelled to resolve the conflict between the parties.

7. Further, to the extent that this Court must address the merits of the Amendede Complaint, the Amended Complaint is flawed and must be dismissed. More specifically, Plaintiff brought suit against two entities, The Chubb Group and Chubb North American Claims (collectively the "Chubb Defendants") which are not parties to the at-issue contract. As both counts appear to be directed at all the defendants collectively, this is improper and warrants dismissal.

8. Additionally, Count I for Declaratory Relief is duplicative of Count II for Breach of Contract count and must dismissed. Further, this Count fails to state a valid cause of action for declaratory judgment.

## MEMORANDUM OF LAW

### I.    ARBITRATION STANDARD UNDER THE FEDERAL ARBITRATION ACT

The purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms. 9 U.S.C. §§ 1-16; *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011); *JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018). Because the Policy involves a "maritime transaction or a contract evidencing a transaction involving commerce," it is subject to the FAA. 9 U.S.C. § 2. The FAA permits a party "aggrieved by the alleged . . . refusal of another to arbitrate" to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement. *Id*. at § 4. By its terms, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys*., 207 F.3d 1126 (9th Cir. 2000)(citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 84 L. Ed. 2d 158, 105 S. Ct. 1238 (1985)). The FAA mandates a stay of judicial proceedings that involve claims subject to arbitration. 9 U.S.C. § 3.

The Court's role under the FAA is therefore limited to first determining whether (a) a valid agreement to arbitrate exists and (b) whether external legal constraints foreclose arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626, 105 S. Ct. 3346, 3353 (1985). If a valid agreement to arbitrate exists, the Court then determines whether the agreement encompasses the dispute at issue. *See* 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999). If the response is affirmative on both counts, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms so long as no other legal constraints external to the parties' agreement foreclose the arbitration of those claims. *Id*.;

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

There is a strong public policy embodied in the FAA in favor of arbitrating disputes. *Southland Corp. v. Keating*, 465 U.S. 1, 11, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984). The policy underlying the FAA is so strong that the United States Supreme Court has held that "*any* doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24025 (1983)(emphasis supplied).

## II. STANDARD TO DISMISS

When considering a motion to dismiss, the Court must assume the truth of the factual allegations in a complaint. *Exec. 100 v. Martin County.*, 922 F.2d 1536, 1539 (11th Cir. 1991). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a) requires that a ". . . pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." *See Federal Rule of Civil Procedure 8(a)(1)*. Further, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 1949 (2009).

## III. THE COURT MUST DISMISS OR STAY PLAINTIFF'S AMENDED COMPLAINT AND COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE POLICY

### A. The ACE Policy's Arbitration Provision

The ACE Policy requires that any claim or controversy under the Policy be referred to and settled by arbitration. Found on page 9 of the Policy, the Arbitration provision states as follows:

**ARBITRATION:** Any controversy or claim, whether based on contract, tort, statute or other legal or equitable theory (including but not limited to any claim of fraud, misrepresentation or fraudulent inducement, arising out of or related to this policy, the interpretation, enforcement, or breach thereof, or the handling of any claim involving this policy), shall be referred to and settled by arbitration in accordance with the then current CPR Institute for Dispute Resolution Rules for Non-Administered Arbitration and this provision. The arbitration shall be governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 201-208, or if said Convention shall be held not to be applicable, by the United States Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of any provision of state or other law inconsistent therewith or which would produce a different result, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction. The arbitration shall be held in the State appearing in **your** address as contained upon the Declarations Page and in accordance with the following procedure:

a. **You** and **we** will agree on a single arbitrator to decide the dispute, whose fee will be paid fifty percent (50%) by **you** and **us**;

b. If **you** and **we** are unable to agree on a single arbitrator, **you** and **we** will each appoint an arbitrator and those two (2) arbitrators will appoint a third arbitrator. The three (3) arbitrators will decide the dispute by a majority vote.

**You** will pay the fee of the arbitrator that **you** appoint. **We** will pay the fee of the arbitrator that **we** appoint. **You** and **we** will each pay fifty percent (50%) of the fee charged by the third arbitrator.

c. **You** and **we** will each pay fifty percent (50%) of the fee charged by the American Arbitration Association to coordinate the arbitration.

d. The request for arbitration must be filed within one (1) year of the date of loss or damage; and

e. **We** may arbitrate the amount of **your** loss or damage without waiving **our** right to determine coverage or a lack of coverage for the loss.

B.     **Arbitration & Dismissal or Stay of Litigation Is Required.**

    1.     **The Policy Contains A Valid Written Agreement By Which The Parties Contractually Agreed To Arbitrate**

When deciding whether a party has agreed to arbitrate, courts generally should apply ordinary state law principles governing formation of contracts. *First Options of Chicago, Inc. v.*

*Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995); *Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301, 1304 (11th Cir. 2018)(noting "arbitration is a matter of contract"). However, should state law contravene the federal policy in favor of arbitration, state law is preempted by the FAA. *AT&T Mobility LLC*, 131 S. Ct. at 1747. In this case, the Policy clearly and unambiguously sets forth the manner in which any claims or disputes between the parties are to be resolved. The Policy provides that "any controversy or claim" shall be "referred to and settled by arbitration" pursuant to the governing CPR Institute for Dispute Resolution Rules for Non-Administered Arbitration and the Policy's arbitration provision. This clear policy language demonstrates that the parties intended for any claims and disputes between them to be submitted to arbitration. Accordingly, there can be no dispute that a valid written agreement to arbitrate exists.

Further, one (1) year has passed since the alleged date of loss without Plaintiff requesting arbitration. Thus, Plaintiff's claim is time barred pursuant to the arbitration clause.

### 2.     The Claims Fall Within The Scope Of The Arbitration Agreement

Second, the Court must determine whether the claims fall within the scope of the arbitration agreement. *Simula, Inc*., 175 F.3d at 719-20; *JPay, Inc. v. Kobel*, 904 F.3d 923, 930 (11th Cir. 2018); see *Voorhes v. ACE Am. Ins. Co.*, 244 F. Supp. 3d 861 (E.D. Wis. 2017) (finding a marine insurance dispute fell within the scope of a nearly identical arbitration provision). The Policy contains a broad arbitration provision that encompasses <u>all claims</u> alleged in this action, including all claims based on contract, tort, statute, or other legal or equitable theory that arise out of, or are related to, the Policy, the interpretation, enforcement or breach of the Policy, and handling of a claim involving the Policy. The Plaintiffs' allegations all arise out of, and are

related to, the Policy and ACE's handling of Plaintiffs' claim involving the Policy and therefore fall within the scope of the Policy's arbitration agreement.

### 3. The Claims Are Arbitrable.

The final step in determining whether enforcement of an arbitration provision is required is to evaluate whether any other legal constraint renders the claim non-arbitrable. *Mitsubishi Motors Corp.*, 473 U.S. at 628. Insurance coverage disputes are arbitrable and Florida law does not foreclose arbitration under the FAA. *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1304 (11th Cir. 2014). Here, arbitration of the claims is not foreclosed by any state or federal statute. Given all of the above, the case must be dismissed and the parties must be compelled to arbitrate Plaintiff's claim in this matter.

## IV. EVEN IF THE COURT WERE TO CONSIDER THE AMENDED COMPLAINT ON ITS MERITS, THE AMENDED COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

The Amended Complaint warrants dismissal under Rule 12(b)(6).

### A. Plaintiff cannot bring suit against the Chubb Defendants because ACE American Insurance is the Insurer and the only other party to Plaintiff's insurance contract

The at-issue Policy was issued by ACE, not the Chubb Defendants. *See DE 10-1*. An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages. *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). To prove the existence of a contract, one must show "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

The Policy attached to the Amended Complaint definitively shows that no contract existed between the Plaintiff and the Chubb Defendants. As such, no Breach of Contract action may be

maintained against these two defendants. Throughout the Policy, including on the Declarations Page, the Policy lists the insurer as ACE American Insurance Company. *See DE 10-1.* The signatures page shows that the insurance contract was executed by ACE American Insurance Company. *DE 10-1, Page 28.* Though the Policy is printed on Chubb letterhead, Chubb is not listed as a party to the contract. In short, Chubb did not enter into any contract for insurance with the Plaintiff. As the Counts intermingle the Defendants (i.e. there are not individual counts for each defendant[1]), Plaintiff's Amended Complaint must be dismissed because the Chubb entities are not the real parties in interest. Accordingly, Defendants respectfully requests this honorable Court dismiss the Complaint as it relates to the Chubb Defendants.

## V. PLAINTIFF'S COUNT FOR DECLARATORY RELIEF MUST BE DISMISSED

### A. THE DECLARATORY JUDGMENT COUNT WARRANTS DISMISSAL BECAUSE THE BREACH OF CONTRACT COUNT IS THE PROPER CAUSE OF ACTION FOR RELIEF AND IS THE MOST EFFICIENT MEANS TO RESOLVE THIS MATTER

The underlying insurance contract dispute is more efficiently and appropriately resolved as a breach of contract as opposed to a declaratory judgment action. To trigger jurisdiction for a declaratory judgment action, the moving party must (1) identify a doubt as to the existence or nonexistence of some right or status and (2) establish that he or she is entitled to have such doubt removed. *Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1981). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full,

---

[1] Technically, this alone warrants dismissal as shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (describing one form of impermissible shotgun pleading as ". . . asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.")

adequate and complete relief." *McIntosh v. Harbour Club Villas Condo. Ass'n*, 468 So. 2d 1075, 1081 (Fla. 3d DCA 1985).

In a contract dispute action, a declaratory judgment is not the right of a litigant as a matter of course. *Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1981). In *Kelner*, the Third DCA affirmed the dismissal of a declaratory judgment action in a breach of contract claim because the only issue before the Court was a factual dispute as to whether there was a breach of contract. *Id*. The Court reasoned that dismissal of the declaratory judgment action was proper where a more appropriate redress is available. *Id*. at 38. *See also Fernando Grinberg Tr. Success Int. Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 U.S. Dist. LEXIS 69229, at *4 (S.D. Fla. June 18, 2010) (dismissing a declaratory judgment count filed in conjunction with a breach of contract count in an insurance dispute).

Here, as in *Kelner*, dismissal of Plaintiff's Declaratory Judgment cause of action is proper because the only actual dispute is whether or not Plaintiff is entitled to additional insurance proceeds for alleged incident. This is not a matter that requires the interpretation of specific clauses in the subject contract. *Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1981). Plaintiff has pled a breach of contract in Count II of its Complaint, which provides the only viable avenue for Plaintiff to recover damages. Count II will determine whether there is coverage for Plaintiff's alleged loss and at the same time resolve any issues regarding damages. In other words, the action for Declaratory Judgment does not address anything in this lawsuit that cannot be resolved via the Breach of Contract Count and, as the Third DCA noted in *McIntosh*, the Declaratory Judgment Count should not be considered by this Court. *McIntosh v. Harbour Club Villas Condo. Ass'n*, 468 So. 2d 1075, 1081 (Fla. 3d DCA 1985). Accordingly, for the aforementioned reasons, Defendant requests that this Court dismiss Count I of Plaintiff's Complaint.

**B. PLAINTIFF'S DECLARATORY JUDGMENT ACTION WARRANTS DISMISSAL BECAUSE IT IS IMPROPERLY PLEAD AND FAILS TO STATE A VALID CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED**

To prosecute a cause of action for Declaratory Judgment, there must be "a question either of construction or of validity." *Johnson v. Atl. Nat'l Ins. Co.*, 155 So. 2d 886, 888 (Fla. 3d DCA 1963. To pursue a declaratory judgment action, a plaintiff must make more than conclusory allegations that "they are in 'doubt' as to their rights under the agreements." *Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1981). In *Johnson v. Atl. Nat'l Ins. Co.*, the Third DCA reversed a trial court ruling regarding coverage in a declaratory judgment suit and remanded a declaratory judgment action for dismissal. *Johnson v. Atl. Nat'l Ins. Co.*, 155 So. 2d 886, 889 (Fla. 3d DCA 1963). The Court determined that the plaintiff failed to allege a specific doubt related to an insurance policy or for the determination of its validity. *Id*. Absent some ambiguity, an insurance policy ". . . should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Taurus Holdings, Inc. v. United States Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005).

Here, Plaintiff's Amended Complaint with respect to Count I is deficient because it seeks a purely factual determination as to whether Plaintiff is entitled to insurance proceeds. Plaintiff has not alleged that any aspect of the contract needs interpretation and therefore does not invoke this Court's power to construe the contract. The allegations do not call into question the construction or validity of any clauses in the Policy and such questions are required to maintain a declaratory judgment action in the context of an insurance dispute. As such, like *Johnson*, Count II warrants dismissal. *See Johnson v. Atl. Nat'l Ins. Co.*, 155 So. 2d 886, 889 (Fla. 3d DCA 1963).

A further examination Plaintiff's Declaratory Judgment claim shows the requested relief is actually a factual determination unrelated to the interpretation of the subject Policy. In Paragraph

59 of the Amended Complaint, Plaintiff delineates the relief sought by the Declaratory Judgment action. More specifically, Plaintiff is seeking a determination regarding:

    a. Whether the facts and circumstances establish the existence of an "occurrence" as defined and provided for within the Policy;
    b. Whether certain provisions of the Policy are (i) factually inapplicable and/or (ii) ambiguous;
    c. Whether DEFENDANTS, in denying the claim of GRAY are asserting provisions and requirements that are not contained within the Policy;
    d. Whether DEFENDANTS, in denying the subject claim of GRAY are relying upon ambiguous and/or contradictory provisions of the Subject Policy;
    e. Whether DEFENDANTS, in denying the claim of GRAY are narrowly construing the coverage provisions of the Policy while at the same time strictly construing the asserted exclusionary provisions contrary to applicable law; and
    f. Whether the DEFENDANTS have acknowledged coverage by making payments under the Policy;
    g. Whether a reasonable interpretation of all the provisions of the Policy establishes that GRAY is entitled to coverage for all the losses he has incurred, including the full value of the vessel as insured pursuant to the Policy, and consequential damages as provided under the Policy.

*See DE 10, Paragraph 59.*

The relief requested requires an analysis of the facts surrounding Plaintiff allegations, not an interpretation of the construction or validity of the Policy. Consequently, it is improper.

In summary, to have a valid declaratory judgment action, Plaintiff must specify a portion of the Policy that requires the Court to construe the Policy. Count I of Plaintiff's Complaint merely asks for factual determinations regarding the circumstances of the alleged loss. For these reasons, Plaintiff's Complaint is deficient and fails to state a valid cause of action for which relief may be granted.

### A. Plaintiff's punitive damages claim must be stricken pursuant to Florida Statutes § 768.72

Plaintiff's allegations of entitlement to punitive damages are premature. Florida Statutes § 768.72(1) reads:

> . . . no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.

*See § 768.72(1)*

Before the issue of punitive damages can be presented to a jury, it is up to ". . . the trial court to determine as a matter of law whether or not there is a basis for punitive damages and instruct the jury accordingly." *Dr. P. Phillips & Sons, Inc. v. Kilgore*, 152 Fla. 578, 582, 12 So. 2d 465, 467 (1943). Federal Courts apply Florida Statutes § 768.72(1) because it is substantive in nature. *See Neill v. Gulf Stream Coach*, 966 F. Supp. 1149 (M.D. Fla. 1997)(striking a punitive damages claim).

Florida Statutes § 768.72(1) is Florida substantive law that would serve to supplement general maritime law. As such, it would be applicable here. Accordingly, Plaintiff claim for punitive damages must be stricken.

**B. Plaintiff's allegations related to Florida Statute § 624.155 are improper**

A claim for bad faith does not accrue until there has been a determination of liability and damages in the underlying contract claim. *Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *see also Accord Shapiro v. Government Employees Ins. Co.*, No. 14-CIV-62792-BLOOM/Valle, 2015 U.S. Dist. LEXIS 1963, 2015 WL 127897 *1 (S.D. Fla. 2015) (citing *Blanchard* and holding in order to maintain an action for bad faith, under Fla. Stat. §624.155, the underlying action for benefits must first be resolved). Further, the Florida Supreme Court held that a ". . . bad-faith claim requires an allegation that there has been a determination of damages." *Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617, 619 (Fla. 1994). In *Vest v. Travelers Ins. Co.*,

the Florida Supreme Court again noted that in the context of a breach of contract action brought with a bad faith claim ". . . [the bad faith] claim should be dismissed as premature." *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000).

Paragraphs 58, 66, 67 and 68 all contain references to § 624.155 or bad faith allegations. A potential statutory bad faith claim under Section 624.155 is a separate and independent claim from the breach of contract claim and has not yet accrued. In fact, such a claim may never accrue. As liability and damages have not been established in the breach of contract matter, these allegations are improper. *See generally Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000).

Additionally, allowing premature bad faith allegations to remain in the Complaint would expose the Defendants to improper discovery requests that would taint the breach of contract action. Generally, claims files and litigation files become discoverable in a bad faith action. By allowing Plaintiff to proceed with the Amended Complaint as currently pled it would put privileged documents at-issue. Requiring the disclosure of claim file materials during the litigation of coverage issues would result in irreparable harm that cannot be adequately addressed on appeal. *State Farm Mut. Auto. Ins. Co. v. Premier Diagnostic Ctrs., LLC,* 185 So. 3d 575. 576 (Fla. 3d DCA 2016). These materials are either irrelevant to a first-party dispute or are privileged work product. *State Farm Fla. Ins. Co. v Gallmon*, 835 So. 2d 389 (Fla. 2d DCA 2003). Accordingly, allowing the Plaintiff's Amended Complaint to proceed as pled would inject issues that would unfairly prejudice the Defendants.

## Conclusion

For all the foregoing reasons, the Court should enter an order: (1) dismissing or staying the Complaint in its entirety and compelling arbitration or, alternatively, dismissing the Amended

Complaint for all the aforementioned reasons and striking those portions of the Amended Complaint as delineated above.

**BROWN SIMS**
*Attorneys for the Defendants,*
4000 Ponce De Leon Blvd.,
Suite 630
Coral Gables, Florida 33146
(305) 274-5507 – Office
(305) 274-5517 – Fax
mgreen@brownsims.com
shagerty@brownsims.com

By: */s/ Marlin K. Green*
**MARLIN K. GREEN, ESQ.**
Florida Bar No. 419532
**STEVEN G. HAGERTY, ESQ.**
Florida Bar No. 112004

## CERTIFICATE OF SERVICE

*I Hereby Certify* that on this 19th day of March 2019, a true and correct copy of the forgoing original document was filed via CM/ECF, which will also send an automatic e-mail message with a true and correct copy of the forgoing document to all Counsel listed below.

By: */s/ Marlin K. Green*
**MARLIN K. GREEN, ESQ.**

## SERVICE

Michael W. McLeod, Esq.
Fla. Bar #956831
Rumrell, McLeod & Brock, PLLC
150 E Palmetto Park Rd, Suite 800
Boca Raton, FL 33432
(904) 996-1100 Office
E-Mail mmcleod@rumrelllaw.com
Secondary E-Mail: michelle@rumrelllaw.com
*Attorneys for Plaintiff, MARSHALL GRAY*