# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARSHALL SCOTT GRAY,

    Plaintiff,

v.                                             CASE NO. 8:18-cv-2912-T-02JSS

ACE AMERICAN INSURANCE
COMPANY, *et al.*,

    Defendants.
_____/

## **O R D E R**

This cause came before the Court at a hearing held May 3, 2019, on Defendants' Motion to Dismiss and Compel Arbitration (Dkt. 13) and Plaintiff's Opposition (Dkt. 20). After hearing argument and carefully reviewing the file and applicable law, the Court compels arbitration.

This action seeks a declaration to determine coverage under a recreational marine insurance policy issued by Defendant ACE American Insurance Company ("ACE").[1] *See* docket 10-1 (policy). The bottom of the insured vessel, the Amazing II, was damaged in an incident on November 26, 2017. Dkt. 10 ¶ 19

---

[1] A second count alleges breach of contract based on the denial of coverage under the policy (bad faith). Dkt. 1 ¶¶ 41-45 (complaint); Dkt. 10 ¶¶ 64-68 (amended complaint).

("[T]he vessel hit a submerged object in the channel . . . [which] 'tore hole in bottom of boat. Boat took on water, sank & capsized in under two min.'"); Dkt. 10-2 (Coast Guard accident report). The Defendant contends the boat bottom delaminated due to a hull defect, not an accidental impact. Plaintiff, the insured, filed this action on November 29, 2018. Dkt. 1.

Defendants now argue that the case must be arbitrated pursuant to the terms of the policy. The arbitration provision of the policy provides in pertinent part:

> Any controversy or claim, whether based on contract, tort, statute or other legal or equitable theory (including but not limited to any claim of fraud, misrepresentation or fraudulent inducement, arising out of or related to this policy, the interpretation, enforcement, or breach thereof, or the handling of any claim involving this policy), shall be referred to and settled by arbitration in accordance with the then current CPR Institute for Dispute Resolution Rules for Non-Administered Arbitration and this provision. The arbitration shall be governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented at 9 U.S.C. §§ 201-208, or if said Convention shall be held not to be applicable, by the United States Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of any provision of state or other law inconsistent therewith or which would produce a different result, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction. . . .
> . . . .
>
> d. The request for arbitration must be filed within one (1) year of the date of loss or damage; and

> e. We may arbitrate the amount of your loss or damage without waiving our right to determine coverage or a lack of coverage for the loss.

Dkt. 10-1 at 26. Plaintiff refuses to arbitrate. Plaintiff contends 1) the policy is ambiguous and illusory, and 2) the Federal Arbitration Act ("the FAA") does not apply. Both arguments are unavailing.

The FAA, not Florida law, is applicable. The statute provides that a written provision in "any maritime transaction or a contract evidencing a transaction involving commerce" to resolve disputes "arising out of such contract or transaction" is valid, irrevocable, and enforceable. 9 U.S.C. § 2. Plaintiff purchased a marine insurance policy on his 36-foot Glasstream. Dkt. 10-1. The transaction between Plaintiff and ACE constitutes a maritime transaction under the FAA.

Plaintiff argues that the FAA must yield to Florida law because the McCarran-Ferguson Act, 15 U.S. C. §§ 1011-1015, protects state insurance regulation from federal encroachment. This argument is precluded by *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1303 (11th Cir. 2014) (citing 15 U.S.C. § 1012). Because no Florida insurance statute has been cited that would be invalidated, impaired or superceded by the FAA, the FAA applies. *See id.* (citing *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1220 (11th Cir. 2001)).

Arbitration should be compelled if 1) the plaintiff entered into a written arbitration agreement that is enforceable "under ordinary state-law" contract principles, and 2) the claims before the court fall within the scope of that agreement. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008); *Ross v. Vacation Rental Pros Prop. Mgmt., LLC*, No. 8:17-cv-16-26JSS, 2017 WL 10276731, at * 1 (M.D. Fla. Mar. 17, 2017) (citing *Lambert*). "[A]mbiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." *Lamps Plus, Inc. v. Varela*, No. 17-988, 2019 WL 1780275, at *8 (U.S. Apr. 24, 2019) (recognizing continued adherence to *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

The parties' intent to arbitrate a coverage issue is ascertained from the language of the agreement. *Voorhees v. ACE Am. Ins. Co.*, 244 F. Supp. 3d 861, 866-67 (E.D. Wis. 2017). *Voorhees* involved the same agreement as the one in this case. The parties agreed in *Voorhees*, as here, to arbitrate "any controversy or claim, . . . arising out of or related to this policy, the interpretation, enforcement, or breach thereof, or the handling of any claim involving this policy." 244 F. Supp. 3d at 866; Dkt. 10-1 at 26. The court found the language unambiguous. *Voorhees*, 244 F. Supp. 3d at 866-67.

Under Florida law, as Wisconsin, interpretation of an insurance contract is a question of law. *Voorhees*, 244 F. Supp. 3d at 866 (Wisconsin law); *Gas Kwick, Inc. v. United Pacific Ins. Co.*, 58 F.3d 1536, 1538-39 (11th Cir. 1995) (Florida law). The Court finds the language is clear – the parties intended to arbitrate "any controversy or claim . . . arising out of or related to this policy." The policy coverage issue therefore falls within the scope of the agreement.

Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Compel Arbitration or, in the alternative, Motion to Dismiss and Strike Various Allegations (Dkt. 13) is granted in part and denied in part. All proceedings in this case are stayed, and the parties are directed to arbitrate this action pursuant to the terms of the agreement. The Clerk is directed to administratively close this case during the period of the stay, subject to being reopened on motion of either party at the conclusion of the arbitration process.

**DONE AND ORDERED** at Tampa, Florida, on May 9, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record